IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00527-BNB

PEGGY MILLER,

    Plaintiff,

v.

AMERICAN BLUE RIBBON HOLDINGS, LLC,
DAN RADABAUGH,
JENNIFER MCCATTERY
THOMAS BANDY,
SCOTTY JEANKENS,
JENNIFER CHEMIELEWSKI,
MICHELLE MCPHERSON, and
JESSE PETROCELLI,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AMENDED TITLE VII COMPLAINT

    Plaintiff, Peggy Miller, has filed *pro se* an amended Title VII Complaint together with a copy of the Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission. The Court must construe the amended Title VII Complaint liberally because Ms. Miller is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Miller will be ordered to file a second amended Title VII Complaint if she wishes to pursue her claims in this action.

    The Court has reviewed the amended Title VII Complaint and finds that the

amended Title VII Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Miller fails to provide a short and plain statement of her claims showing that she is entitled to relief.  Ms. Miller complains that she was forced to resign from her job at Village Inn.  She is suing American Blue Ribbon Holdings, LLC, apparently owner and operator of Village Inn.  She alleges that she was discriminated against because of her disability and age, although she also appears to allege discrimination on the basis of her race and has failed to indicate as such on page two of the amended Title VII complaint.  Ms. Miller does not list any statutory authority for her claims other than Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, but she apparently also is asserting claims pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 62, *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*  However, assuming Ms. Miller is asserting claims pursuant to Title VII, the ADEA, and the ADA, she fails to make specific factual allegations in support of those claims.

In addition, she fails to make clear what claim or claims she may be asserting against the individuals named as Defendants in the amended Title VII Complaint because the only proper Defendant for her claims under Title VII, the ADEA, or the ADA is her employer.  *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999) (holding that the ADA, like Title VII and the ADEA, "precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.").

Therefore, Ms. Miller will be ordered to file a second amended Title VII Complaint that clarifies the claims she is asserting in this Court.  In order to state a claim in federal court, Ms. Miller "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Accordingly, it is

ORDERED that Plaintiff, Peggy Miller, file, **within thirty (30) days from the date of this order**, a second amended Title VII Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Ms. Miller shall obtain the Court-approved Title VII Complaint form, with instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov), and shall use the form in submitting the second amended Title VII Complaint  It is

FURTHER ORDERED that, if Ms. Miller fails to file a second amended Title VII Complaint as directed, the amended Title VII Complaint and the action will be dismissed without further notice.

DATED April 12, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge